UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CHANPREET SINGH (A-Number: 246-253-088),

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-08922-KES-FJS (HC)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING BOND HEARING WITHIN TEN (10) DAYS**

Doc. 1

Petitioner Chanpreet Singh is an immigration detainee proceeding with a petition for writ of habeas corpus and a motion for temporary restraining order. Docs. 1, 2. Singh is a citizen of India who entered the United States without inspection on or about December 9, 2022. Doc. 1 at ¶ 3. The Department of Homeland Security briefly detained him and then released him under the Alternatives to Detention program. *Id.* As a condition of his release, Singh was required to appear for check-ins with Immigration and Customs Enforcement ("ICE"). *Id.* On December 2, 2025, ICE re-detained Singh after he appeared for a scheduled appointment with ICE. *Id.* at ¶ 5. Singh has remained in detention since then. *Id.* at ¶¶ 5–7.

The court has previously addressed the legal issues raised by the petition—that, when a noncitizen has previously been released pursuant to 8 U.S.C. § 1226(a) and is subsequently re-detained pending removal proceedings, the Due Process Clause requires a bond hearing where the government bears the burden of proving that the noncitizen is a flight risk or danger to the community by clear and convincing evidence. *See, e.g.*, *Luis Alberto R.C. v. Murray*, 817 F.

Supp. 3d 917 (E.D. Cal. 2025); *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025). The court ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the court's prior orders and that would justify denying the petition. Doc. 5.

Respondents concede that "[t]his case is not factually dissimilar from those cited in the Court's Order" except that Singh "has been afforded at least two hearings concerning his custody and has appealed his removal order." Doc. 6 at 1. Respondents also submitted Singh's immigration related documents including his I-213 and his order of removal. *Id.*

For the reasons stated in *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025), *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), and *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025), the court finds that petitioner's re-detention without a constitutionally adequate bond hearing violates Due Process.

In these circumstances, a petitioner who is re-detained "is entitled to a bond hearing where the government must prove that [petitioner] is a flight risk or danger to the community by clear and convincing evidence." *Luis Alberto*, 817 F. Supp. 3d at 927. Respondents do not show that the hearings Singh received met this standard. The record of one hearing explicitly states that Singh, not the government, bore the burden of showing that he is not a danger or flight risk. Doc. 6 at 20.

Accordingly, the petition for writ of habeas corpus is GRANTED. Respondents are ORDERED to provide Chanpreet Singh (A-Number: 246-253-088) with a bond hearing before a neutral arbiter within ten (10) days of the date of this Order. At this hearing, the burden is on

respondents to prove, by clear and convincing evidence, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified. Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 72 hours' written notice before the bond hearing in a language that he can understand. Petitioner may be represented by an attorney at this hearing, and respondents may extend the deadline at petitioner's request so that he can obtain an attorney. If petitioner obtains an attorney, his attorney shall also be given 72 hours' written notice before the bond hearing. The neutral decisionmaker must consider petitioner's financial circumstances in setting the amount of bond, as well as alternative conditions of release in lieu of detention without bond. If respondents do not provide petitioner with a bond hearing within ten (10) days, then respondents must release him.[1]

The Clerk of Court is directed to close this case, terminate any pending motions as moot, and enter judgment for petitioner. The Clerk is also directed to serve California City Correctional Facility with a copy of this Order.

IT IS SO ORDERED.

Dated: November 22, 2026

UNITED STATES DISTRICT JUDGE

[1] This Order does not address the circumstances in which respondent may detain petitioner in the event he becomes subject to an executable final order of removal.